**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DONALD RAY COWAN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 10-CV-256-GKF-TLW** |
| | ) | |
| **JANE STANDIFIRD, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**OPINION AND ORDER**

Before the Court is the petition for writ of habeas corpus (Dkt. # 1) filed by Petitioner

Donald Ray Cowan (Cowan). Cowan appears pro se. Respondent filed a response (Dkt. # 8) and

provided the state court records (Dkt. ## 8 and 9) necessary for adjudication of Cowan's claims.

Cowan filed a reply to Respondent's response (Dkt. # 11), and subsequently filed a supplement to

the petition (Dkt. # 18), expanding his request for relief. On January 7, 2013, Cowan filed a "motion

to take judicial notice" (Dkt. # 25). For the reasons discussed below, the Court finds the petition for

writ of habeas corpus shall be denied. The Court further finds that to the extent Cowan seeks to

raise new claims in his "motion to take judicial notice," the motion shall be adjudicated as a motion

to amend and shall be denied.

***BACKGROUND***

On January 10, 2004, at approximately 11:15 p.m., Ronald Henderson (Henderson) and his

stepson, twelve-year old Marlon Craft (Marlon), were leaving the Windsong Apartment complex,

located near the intersection of 31st and Mingo, in Tulsa, Oklahoma. Henderson was driving a Ford

Explorer within the apartment complex, going the wrong way on a one-way roadway while

attempting to reach the exit. Henderson had been drinking. Cowan was working as a security guard

at the apartment complex.  As Henderson's vehicle approached the exit, Cowan commanded Henderson to stop and turn around, since he was proceeding the wrong way.  Henderson stopped his vehicle and got out as ordered by Cowan.  Henderson threatened Cowan that he was going to "run his ass over."  Marlon exited the vehicle because he was scared.  He eventually climbed into the back seat of the vehicle.  Henderson got back in the vehicle and drove approximately three feet forward toward Cowan. Cowan drew his 9 mm Smith & Wesson pistol and fired three times into the front end of the vehicle in an attempt to disable it.  Henderson threw the vehicle into reverse and backed up. Cowan moved forward towards the driver side window and fired three more shots into the window, striking Henderson with all three shots. One of the shots perforated Henderson's lung and both of the ventricular chambers of the heart.  Another shot perforated his lung and his aorta. Henderson died within seconds. The entire incident occurred within a one-minute time span.  The two sets of three shots were separated in time by approximately 25 seconds. The entire incident was captured by the complex's surveillance camera.

Based on those events, Cowan was charged by information, on January 3, 2005, in Tulsa County District Court, Case No. CF-2005-01, with First Degree Manslaughter. On October 11-12, 2007, Cowan was tried by a jury.  Cowan testified and asserted that the shooting was justified and that he acted in self-defense.  The jury found Cowan guilty as charged.  On November 15, 2007, Cowan was sentenced in accordance with the jury's recommendation to four (4) years imprisonment, the minimum sentence provided under Oklahoma law. See Okla. Stat. tit. 21, § 715.  At trial, Cowan was represented by attorney Patrick L. Adams.

Cowan appealed his convictions to the Oklahoma Court of Criminal Appeals (OCCA). Represented by attorney Lee Ann Jones Peters, Cowan raised the following propositions of error:

2

Proposition 1: Irrelevant and inconsistent instructions, coupled with the prosecutor's misleading argument, erroneously conveyed to the jury that Mr. Cowan was not legally entitled to act in self-defense.

Proposition 2: Prosecutorial misconduct prevented Mr. Cowan from receiving a fair trial.

  A. In violation of discovery and in violation of the court's order granting Appellant's motion in limine, the prosecutor elicited an expert opinion on the ultimate issue of whether Mr. Cowan's actions were justified.

  B. The prosecutor improperly gave his personal opinion, invoked societal alarm, and asked the jury to return a verdict based on an issue broader than innocence or guilt.

  C. Standard of review.

  D. Conclusion.

Proposition 3: Mr. Cowan was deprived of the reasonably effective assistance of counsel guaranteed him by the Sixth Amendment to the United States Constitution.

(Dkt. # 8, Ex. 1). On June 17, 2009, in Case No. F-2007-1167, the OCCA entered its unpublished summary opinion affirming the Judgment and Sentence of the district court. See Dkt. # 8, Ex. 3. Cowan did not file a petition for writ of certiorari at the United States Supreme Court nor did he seek post-conviction relief in the state courts.

Cowan commenced the instant habeas corpus action by filing his petition on April 23, 2010. See Dkt. # 1. He identifies the following grounds of error:

Ground 1: The jury instructions and the prosecutor's arguments were improper and denied me equal protection under law. And were a direct result of a political agenda and Job class bias.

Ground 2: Prosecutorial misconduct did prevent me from receiving a fair trial.

Ground 3: I did not receive effective assistance of counsel.

(Dkt. # 1). Cowan states that he presented each of his habeas claims to the OCCA on direct appeal. Id. In response to the petition, Respondent argues that Cowan is not entitled to habeas corpus relief. See Dkt. # 8.

3

### *ANALYSIS*

**A. Exhaustion**

As an initial matter, the Court must determine whether Cowan meets the exhaustion requirements of 28 U.S.C. § 2254(b). See Rose v. Lundy, 455 U.S. 509, 510 (1982). In response to the petition, Respondent initially concedes that "Petitioner has exhausted his state court remedies." See Dkt. # 8 at 2 ¶ 4. However, Respondent goes on to state that "the language employed within each ground for relief is free flowing and arguably strays into matters not specifically addressed on direct appeal." Id. at 6. The Court finds that Cowan's general claims as identified in the titles of the claims were raised on direct appeal and are exhausted. However, within each ground of error, Cowan presents claims that were not presented to the OCCA on direct appeal. Those claims are unexhausted. Nonetheless, the Court is authorized to deny relief on unexhausted claims. See 28 U.S.C. § 2254(b)(2). For the reasons discussed below, the Court shall deny Cowan's request for habeas relief on both his exhausted and unexhausted claims.

In addition, in his reply (Dkt. # 11) and his "motion to take judicial notice" (Dkt. # 25), Cowan attempts to raise several claims that are not raised in the petition and have not been presented to the OCCA. Any claim that is not raised in the petition is not properly before the Court and will not be considered. See Jordan v. Wiley, 411 Fed. Appx. 201, 212 n.9 (10th Cir. 2011) (unpublished).[1] "In order for the State to be properly advised of additional claims, they should be presented in an amended petition . . . Then the State can answer and the action can proceed." Cacoperdo v. Demosthesnes, 37 F.3d 504, 507 (9th Cir. 1994); accord Loggins v. Hannigan, 45 Fed. Appx. 846, 849 (10th Cir. 2002) (unpublished) (relying on Cacoperdo); Colby v. Thomas, No. 95-

---

[1]This and other unpublished opinions cited for persuasive value. See 10th Cir. R. 32.1(A).

2128, 1997 WL 57078, at *3 (10th Cir. Feb. 11, 1997) (unpublished). Therefore, any claim first raised in reply to Respondent's response will not be considered. To the extent Cowan seeks to amend his petition by raising new claims identified in the "motion to take judicial notice," his request shall be denied for the reasons discussed in Part C, below.

## B.  Evidentiary hearing

The Court finds that an evidentiary hearing is not warranted as Cowan has not met his burden of proving entitlement to an evidentiary hearing.  See Williams v. Taylor, 529 U.S. 420 (2000); Miller v. Champion, 161 F.3d 1249 (10th Cir. 1998).

## C.  New claims raised in "Motion to Take Judicial Notice"

In his "motion to take judicial notice" (Dkt. # 25), Cowan identifies new claims, including that his conviction violated (1) his rights under the Second Amendment, (2) his Fourth Amendment right to be free from an unreasonable search and seizure, (3) his Fifth Amendment right to be free from self-incrimination, and (4) the separation of powers clause of the Tenth Amendment. See Dkt. # 25. He also contends that his prosecution and resulting trial were acts of "government sanctioned Domestic Terrorism," that his conviction was supported by insufficient evidence, and that the Oklahoma Security Guard and Private Investigator Act is unconstitutional. Id. Those claims were not raised in the habeas petition. Therefore, the Court shall adjudicate the "motion to take judicial notice" as a motion to amend to raise new claims.

Consideration of a request to amend a habeas petition is governed by Fed. R. Civ. P. 15(c) (providing conditions determining whether an amended pleading relates back to the date of the original pleading). See United States v. Espinoza-Saenz, 235 F.3d 501 (10th Cir. 2000).  The Court finds that the grounds of error identified in the "motion to take judicial notice" are new claims that

5

do not relate back to the original petition.  See Woodward v. Williams, 263 F.3d 1135, 1142 (10th Cir. 2001) (citing Espinoza-Saenz, 235 F.3d at 505, for proposition that "an untimely amendment to a § 2255 motion which, by way of additional facts, clarifies or amplifies a claim or theory in the original motion may, in the District Court's discretion, relate back to the date of the original motion *if and only if* the original motion was timely filed and *the proposed amendment does not seek to add a new claim or to insert a new theory into the case*" (alterations omitted) (emphasis added)); see also United States v. Duffus, 174 F.3d 333 (3d Cir. 1999).

Pursuant to 28 U.S.C. § 2244(d)(1)(A), a habeas corpus petition must be filed within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  In this case, Respondent concedes that Cowan timely filed his original petition.  See Dkt. # 8 at 2 ¶ 5. His motion to take judicial notice, however, was not filed until more than two (2) years after filing the original petition, or well after expiration of the one-year limitations period. Since Cowan's new claims do not relate back, the Court finds that, unless Cowan is entitled to tolling of the limitations period, to allow amendment in this case by adding new claims would frustrate the intent of Congress in enacting the statute of limitations provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

The Court finds no statutory or equitable basis for tolling the limitations period in this case. First, the pendency of the instant federal case does not serve to toll the federal limitations period under 28 U.S.C. § 2244(d)(2).  Duncan v. Walker, 533 U.S. 167 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2)).  Second, although the statute of limitations contained in § 2244(d) may be subject to equitable tolling where extraordinary circumstances beyond the prisoner's control

6

prevent a petitioner from timely filing his petition, see Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998), nothing in the record suggests that Cowan is entitled to equitable tolling.  The Court recognizes that Cowan claims to be actually innocent of First Degree Manslaughter. The Tenth Circuit has held that where "a petitioner argues that he is entitled to equitable tolling because he is actually innocent, . . . the petitioner need make no showing of cause for the delay." Lopez v. Trani, 628 F.3d 1228, 1231 (10th Cir. 2010).  Rather, "a sufficiently supported claim of actual innocence creates an exception to procedural barriers for bringing constitutional claims, regardless of whether the petitioner demonstrated cause for failure to bring these claims forward earlier." Id. at 1230-31. To establish a credible claim of actual innocence, a petitioner must support his claim with "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial," Schlup v. Delo, 513 U.S. 298, 324 (1995), and show "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 327.

In this case, Cowan presents no new evidence supporting his claim that he is actually innocent.  He continues to argue that the shooting was justified, an argument presented to his jury at trial. In the absence of new evidence supporting his claim of actual innocence, Cowan is not entitled to equitable tolling and federal habeas relief on the new grounds asserted in the "motion to take judicial notice" is time barred, making it futile to allow amendment of the § 2254 petition. For that reason, Cowan's request to amend his petition to include claims first raised in the "motion to take judicial notice" shall be denied. The Court will consider only the claims identified in the petition (Dkt. # 1).

**D.  Claims raised in the petition**

The AEDPA provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001).  When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner.  See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002).

In this case, the OCCA adjudicated portions of Cowan's habeas claims on direct appeal. Therefore, the habeas claims adjudicated by the OCCA on direct appeal will be reviewed pursuant to § 2254(d). The claims raised in the petition that were not presented to the OCCA on direct appeal lack merit. Cowan's request for habeas relief on those claims shall be denied. 28 U.S.C. § 2254(b)(2).

**1. Erroneous jury instructions (ground 1)**

As his first proposition of error, Cowan complains that the jury instructions coupled with the prosecutor's arguments were improper and "denied me equal protection under law." See Dkt. # 1. On direct appeal, Cowan argued that the trial court erred in issuing instructions numbered 30-33, restricting the availability of the defense of self-defense. Significantly, those instructions were requested by defense counsel. See Dkt. # 9-7, O.R. Vol. II at 210-13. Cowan's argument focused on his claim that no evidence presented at trial warranted instructing the jury concerning situations where the defense is not available. See Dkt. # 8, Ex. 1 at 5. Cowan further argued that the prosecutor "relied heavily" on the improperly issued instructions to "persuade the jury that Mr. Cowan was not entitled to claim self-defense." Id. at 6. In rejecting this claim on direct appeal, the OCCA cited Hogan v. State, 139 P.3d 907, 925 (Okla. Crim. App. 2006), and found as follows:

> Any error caused by the jury instructions on self-defense was invited by Cowan's request of those instructions. Reversal cannot be based on invited error. Nevertheless, the jury instructions were warranted by the evidence and properly stated the law.

(Dkt. # 8, Ex. 3 (footnote omitted)).

It is well established that "[a]s a general rule, errors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, 'unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law.'" Nguyen v. Reynolds, 131 F.3d 1340, 1357 (10th Cir. 1997) (quoting Long v. Smith, 663 F.2d 18, 23 (6th Cir. 1981)); see also Maes v. Thomas, 46 F.3d 979, 984 (10th Cir. 1995) ("A state trial conviction may only be set aside in a habeas proceeding on the basis of erroneous jury instructions when the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial."). Stated another way, "'[h]abeas proceedings may not be used to set aside a state conviction on the basis of erroneous jury

instructions unless the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial in the constitutional sense.'" Shafer v. Stratton, 906 F.2d 506, 508 (10th Cir. 1990) (quoting Brinlee v. Crisp, 608 F.2d 839, 854 (10th Cir. 1979)).

Cowan has failed to demonstrate that the OCCA's adjudication of this claim was contrary to, or an unreasonable application of, clearly established federal law, or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented at trial. 28 U.S.C. § 2254(d)(1),(2). In Parker v. Champion, 148 F.3d 1219 (10th Cir. 1998), the Tenth Circuit Court of Appeals wrote that:

> Oklahoma abides by the "well established principle that a defendant may not complain of error which he has invited, and that reversal cannot be predicated upon such error." Pierce v. State, 786 P.2d 1255, 1259 (Okla. Crim. App. 1990); accord Mayes v. State, 887 P.2d 1288, 1311 (Okla. Crim. App. 1994) (applying doctrine of invited error); see also Gundy v. United States, 728 F.2d 484, 488 (10th Cir. 1984) ("an appellant may not complain on appeal of errors which he himself induced or invited"). Accordingly, "a defendant will not be permitted to request a particular instruction and then contend that the giving of said instruction was error." West v. State, 617 P.2d 1362, 1366 (Okla. Crim. App. 1980).

Id. at 1221-22.  Thus, even if the trial court erred in giving the instructions restricting availability of the defense of self-defense, Cowan invited the error by requesting the instructions at trial. This invited error precludes the reversal of his conviction, as well as the grant of any habeas relief, on the basis of the alleged improper instructions.  Id. (citing United States v. Herrera, 23 F.3d 74, 75-76 (4th Cir.1994) (holding that doctrine of invited error precludes grant of habeas relief to petitioner convicted of unindicted offense where petitioner's counsel requested the instruction on that offense)). Cowan is not entitled to habeas relief on this claim based on the argument presented on direct appeal.

Cowan also complains, as he did on direct appeal, that the prosecutor improperly argued that he "overreached and crossed the line," when in fact he was not the aggressor and did not overreact. Cowan alleges that the prosecutor used that improper argument to fit the erroneously issued instructions.  First, he claims the prosecutor "manipulated the evidence" when he cited to a prior case involving Cowan with nearly identical facts to argue that Cowan was acting out of revenge. He also claims that the prosecutor improperly argued that Cowan lied about the victim's threat to shoot Cowan with a gun.  Upon review of the record, however, the Court finds that the allegedly improper arguments by the prosecutor were in fact valid inferences from the evidence presented. See United States v. Lopez–Medina, 596 F.3d 716, 740 (10th Cir. 2010) ("The cardinal rule of closing argument is that counsel must confine comments to evidence in the record and to reasonable inferences from that evidence." (brackets and internal quotation marks omitted));  Hooper v. Mullin, 314 F.3d 1162, 1172 (10th Cir. 2002) (counsel "possesses reasonable latitude in drawing inferences from the record"). Cowan is not entitled to habeas corpus relief on this part of ground one.

Lastly, the Court recognizes that in his petition, Cowan asserts as part of his first ground of error that he was charged and tried in violation of his right to equal protection of the law. See Dkt. # 1.  This claim was not raised on direct appeal and the claim is unexhausted.  Nonetheless, the Court shall deny habeas corpus relief on this claim. 28 U.S.C. § 2254(b)(2).  An equal protection violation occurs when the government treats someone differently than another who is similarly situated. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). In this case, it appears that Cowan believes that "similarly situated" police officers have not been charged with a crime while he, a security guard employed by a private entity, was charged with a crime.  He cites to a case involving a shooting of an unarmed man by a police officer and claims that the police officer was

cleared of wrong doing and was not charged with a crime.  He also cites to a case involving the death of a local bar owner who was killed in an altercation with a homeless man.  According to Cowan, the District Attorney declined to file a criminal charge against the homeless man because it was determined that he had acted in self-defense. The Court finds that Cowan's allegations are conclusory and fail to establish a factual basis for an equal protection claim. See Brown v. Zavaras, 63 F.3d 967, 972 (10th Cir. 1995). Cowan does not allege that actions were directed at him due to a protected classification or that any fundamental right was implicated, see id. at 971. Nor has he established that any other individual was "similarly situated."  While Cowan claims that a criminal charge was filed against him as part of a "political agenda," his allegation is speculative at best.  He simply uses the term "equal protection" and identifies other cases involving the use of deadly force which had different outcomes. "[B]are equal protection claims are simply too conclusory to permit a proper legal analysis." Straley v. Utah Bd. of Pardons, 582 F.3d 1208, 1215 (10th Cir. 2009). Therefore, Cowan's allegation that he was charged and convicted in violation of his right to equal protection fails to state a claim upon which relief may be granted. He is not entitled to habeas corpus relief on this claim.

### 2.  Prosecutorial misconduct (ground 2)

As his second proposition of error, Cowan alleges that prosecutorial misconduct resulted in a fundamentally unfair trial.  See Dkt. # 1.  On direct appeal, Cowan cited two instances of improper conduct by the prosecutor. See Dkt. # 8, Ex. 1. First, Cowan complained that the prosecutor violated discovery and the trial court's ruling on Cowan's motion in limine when he elicited an expert opinion from Detective Huff on the ultimate issue of whether Cowan's actions were justified. Id. at 16. Second, he claimed that, during closing argument, the prosecutor improperly gave his personal

opinion, invoked societal alarm, and asked the jury to return a verdict based on an issue broader than innocence or guilt. Id. at 20. Specifically, Cowan complained that the prosecutor gave his personal opinion that he was bothered by the fact that Cowan was employed as a police officer after this shooting and wrongly asked that the jury "take away" Cowan's gun and badge. Id. The OCCA denied relief on Cowan's claim of prosecutorial misconduct, finding as follows:

> Cowan was not denied a fair trial because of prosecutorial misconduct. Detective Huff did not give an opinion on the ultimate issue of the reasonableness of Cowan firing his weapon, but simply highlighted information given to him by Cowan regarding Cowan's actions during the incident. Cowan was also not denied a fair trial because of the prosecutor's request that the jury convict Cowan and take away his badge. While the State concedes error, the error was harmless as the outcome of the trial would not have turned out differently absent the comment.

(Dkt. # 8, Ex. 3 at 2 (footnote omitted)).

Habeas corpus relief is available for prosecutorial misconduct only when the prosecution's conduct is so egregious in the context of the entire trial that it renders the trial fundamentally unfair. Donnelly v. DeChristoforo, 416 U.S. 637, 642-48 (1974); Cummings v. Evans, 161 F.3d 610, 618 (10th Cir. 1998). "To view the prosecutor's statements in context, we look first at the strength of the evidence against the defendant and decide whether the prosecutor's statements plausibly could have tipped the scales in favor of the prosecution." Fero v. Kerby, 39 F.3d 1462, 1474 (10th Cir. 1994) (quotations omitted); see also Smallwood v. Gibson, 191 F.3d 1257, 1275-76 (10th Cir. 1999).

When viewed in light of the evidence presented at trial, the Court finds that Cowan's trial was not rendered fundamentally unfair as a result of prosecutorial misconduct. The trial transcript reflects that Detective Huff did not give an opinion regarding whether or not the shooting was justified. Instead, he described concerns he had with information provided by Cowan during his interview, as follows:

13

Q:      All right. What -- what was your concern?

A:      My concern initially were [sic] he advised that he drew his weapon at the point in time when the man said he would, quote, run over his ass. He drew his weapon at that time and then shortly after that, in the questioning process, he makes reference to the man exiting the vehicle and says that at that time he has no weapons in his hand at all.

(Dkt. # 9-2, Tr. Trans. Vol. II at 206). As stated by the OCCA, that testimony simply highlights statements made by Cowan during his interview with Detectives Huff and Nance. Although Detective Huff used the word "concern," he did not offer an opinion concerning the reasonableness of Cowan's actions nor did he opine that the shooting was not justified. Furthermore, while the prosecutor's comments during closing argument concerning Cowan's employment as a police officer and his request that the jury take away Cowan's badge and gun were improper, those comments did not render Cowan's trial fundamentally unfair when viewed in light of the evidence presented at trial. That evidence included the surveillance videotape, the audiotaped interview of Cowan by Detectives Nance and Huff, and the testimony of witnesses including the victim's stepson, Marlon Craft, residents of the apartment complex who heard and viewed all or part of the incident, and police officers who investigated the shooting. Cowan is not entitled to habeas corpus relief on his claims of prosecutorial misconduct as adjudicated by the OCCA on direct appeal. 28 U.S.C. § 2254(d).

In his habeas petition, Cowan also asserts that the prosecutor improperly withheld evidence, in the form of "an Opinion of their own professional Advisor," stating that Cowan's actions were justified. That claim was not presented to the OCCA on direct appeal. Nonetheless, the Court shall deny habeas relief on this claim. In Brady v. Maryland, 373 U.S. 83 (1963), the Supreme Court held that "suppression by the prosecution of evidence favorable to an accused upon request violates due

14

process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady, 373 U.S. at 87. To prevail under this theory, a petitioner "must demonstrate that '(1) the prosecution suppressed evidence; (2) the evidence was favorable to the accused; and (3) the evidence was material to the defense.'" Scott v. Mullin, 303 F.3d 1222, 1230 (10th Cir. 2002) (citation omitted). Cowan bears the burden of presenting evidence to establish a Brady violation.  Foster v. Ward, 182 F.3d 1177, 1191-92 (10th Cir. 1999) (citing United States v. Gonzalez–Montoya, 161 F.3d 643, 649 (10th Cir. 1998)). In this case, Cowan's habeas claim fails because of Cowan's failure to prove the first element, suppression of evidence. He provides no evidence, such as the purported "Opinion," supporting his claim.  He has failed to satisfy his burden of proof. For that reason, he is not entitled to habeas corpus relief on this claim. Id. at 1192.

Cowan further claims that Detective Huff "had his own agenda," and suggests that the criminal charge was filed against him because he "broke the 'code of silence' by going to internal affairs." See Dkt. # 1. Again, Cowan did not present this claim to the OCCA on direct appeal. However, he again provides no evidence to support this self-serving statement.  Lastly, he complains that Detective Huff "controlled" the interview conducted with Cowan.  Id. He claims that "I clearly wanted to tell him about the gun but he moved me away."  Id. That claim was raised by defense counsel in closing argument. See Dkt. # 9-3, Tr. Trans. Vol. III at 124. Apparently, the jury was not swayed. In addition, the Court has reviewed the audiotape of the interview, see Dkt. # 9-1, and finds no merit to Cowan's claim. During the interview, Cowan was in fact provided more than one opportunity to provide additional information and to offer any other explanation for his decision to use deadly force.  He did not tell the Detectives that he thought the victim had a gun or was reaching for a gun. He repeatedly told the Detectives that he fired the shots into the vehicle because he

15

thought the victim was going to run over him. Cowan is not entitled to habeas corpus relief on his unexhausted claims of prosecutorial misconduct. 28 U.S.C. § 2254(b)(2).

### 3. Ineffective assistance of trial counsel (ground 3)

In his third proposition of error, Cowan alleges that trial counsel provided ineffective assistance of counsel. On direct appeal, Cowan claimed that counsel provided ineffective assistance when he requested inappropriate jury instructions and failed to object when the prosecutor used these instructions to mislead the jury about the full nature of Cowan's right to stand firm and defend himself. See Dkt. # 8, Ex. 1 at 24. Petitioner also complained that counsel failed to object to the prosecutor's comments invoking societal alarm and urging the jury to convict on a broader basis than whether Petitioner's actions were justified. Id. The OCCA denied relief on the claims raised on direct appeal, finding as follows:

> While trial counsel requested jury instructions that Cowan contends were adverse to his defense, these instructions were warranted by the evidence and properly stated the law. Reversal on this ineffective assistance claim is not appropriate, therefore, because Cowan cannot show prejudice from the alleged error (i.e., the instructions resulted in a miscarriage of justice or the denial of a substantial statutory or constitutional right). Cowan, additionally was not prejudiced by counsel's failure to object to the prosecutor asking the jury to take away Cowan's badge by convicting him; since, as noted above, the outcome of the trial would not have been affected.

(Dkt. # 8, Ex. 3 at 2-3 (footnotes omitted)).

To be entitled to habeas corpus relief on his claims of ineffective assistance of trial counsel, Cowan must demonstrate that the OCCA's adjudications were an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can

establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999). This Court's review of the OCCA's decision on ineffective assistance of counsel claims is "doubly deferential." Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011) (noting that a habeas court must take a "highly deferential" look at counsel's performance under Strickland and through the "deferential" lens of § 2254(d)).

Cowan has failed to demonstrate that he is entitled to habeas corpus relief on his claims of ineffective assistance of trial counsel as raised on direct appeal. He has not shown that the OCCA's adjudication of these claims of ineffective assistance of trial counsel was an unreasonable application of Strickland. 28 U.S.C. § 2254(d). The jury instructions restricting the availability of the defense of self-defense were warranted by the evidence and accurately stated the law. Therefore, counsel did not perform deficiently in requesting the instructions. In addition, because the

17

instructions were appropriate and accurate, Cowan cannot demonstrate that he suffered prejudice because trial counsel failed to object when the prosecutor used those instructions to argue his case. Lastly, in light of the evidence against Cowan, he cannot demonstrate a reasonable probability that the result of his trial would have been different had trial counsel objected  to the prosecutor's invocation of societal alarm and to his request that the jury take away Cowan's badge.  He is not entitled to habeas corpus relief on these claims of ineffective assistance of counsel.

In his habeas petition, Cowan also complains that trial counsel provided ineffective assistance in refusing to call Deputy Wayne Pauley to testify, in allowing the State to substitute a "forged copy" of the original surveillance videotape, and in failing to object to the prosecutor's argument implying that Cowan's attorney told him what to say.  See Dkt. # 1.  These claims were not raised on direct appeal.  As part of ground one, Cowan claims to have spoken to Deputy Pauley, identified as the owner of the security company which employed Cowan, within 24 hours of the shooting and told him about the "Gun" which he thought the victim had in his vehicle. See Dkt. # 1 at 7-8. However, even if that allegation is true, it does not change the fact that Cowan failed to inform Detectives Nance and Huff during his interview immediately after the shooting that he thought the victim had a gun. See Dkt. # 9-1. In addition, Cowan himself testified at trial that he "told my supervisor [that the victim threatened to shoot him]. I told CLEET [Council on Law Enforcement Education and Training] in the official notification. At the scene, during that night, it was a vital, important detail that never made it on the record."  See Dkt. # 9-3, Tr. Trans. Vol. III at 55. Thus, the information identified by Cowan was before the jury. Cowan has failed to demonstrate that he was prejudiced by counsel's alleged refusal to call Deputy Pauley as a witness for the defense.

18

As to his remaining claims of ineffective assistance of counsel, Plaintiff fails to provide factual support for his allegation that the State presented a "forged copy" of the surveillance videotape, and he has failed to explain how he was prejudiced by the prosecutor's comments concerning Cowan's consultation with counsel. Therefore, he has failed to demonstrate entitlement to habeas corpus relief. See, e.g., Walker v. Gibson, 228 F.3d 1217, 1240 (10th Cir. 2000) (stating that "unsupported and undeveloped [habeas] issues" do not entitle a petitioner to relief (quoting Moore v. Gibson, 195 F.3d 1152, 1180 n.17 (10th Cir. 1999)) (internal quotation marks omitted)), *abrogated on other grounds by* Neill v. Gibson, 278 F.3d 1044 (10th Cir. 2001).

**E.      Certificate of appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

After considering the record in this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of the AEDPA standard to the decision by the OCCA was debatable amongst jurists of reason. See Dockins v. Hines, 374 F.3d 935 (10th Cir. 2004). The record is devoid of any authority

19

suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

### *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that the Cowan has not established that he is in custody in violation of the Constitution or laws of the United States.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.   The petition for a writ of habeas corpus (Dkt. #1) is **denied**.

2.   Cowan's motion to take judicial notice (Dkt. # 25), adjudicated as a motion to amend, is **denied**.

3.   A separate judgment shall be entered in this matter.

4.   A certificate of appealability is **denied**.

5.   The Clerk of Court shall send a copy of this Opinion and Order to the Tenth Circuit Court of Appeals as it relates to Tenth Circuit Case No. 13-5011.

DATED THIS 19th day of February, 2013.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT